**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 02-cv-00464-REB-PAC
(Consolidated with Civil Action Nos. 02-RB-470, 02-RB-482, 02-RB-602, 02-RB-714, 02-RB-2120)

In Re QWEST SAVINGS AND INVESTMENT PLAN ERISA LITIGATION

This Document Relates To:  All Actions

## ORDER AND FINAL JUDGMENT

**Blackburn, J.**

This matter is before me on the **Lead Plaintiffs' Unopposed Motion and Memorandum Seeking Final Approval of Stipulation of Settlement** [#407], filed October 27, 2006.  On November 17, 2006, this action came on for a final hearing on the proposed settlement of this certified class action.  The terms of the proposed settlement are defined in the Stipulation of Settlement, dated April 26, 2006, (the "Stipulation" or "Settlement").  The Stipulation is Attachment 1a to the *Lead Plaintiffs' Unopposed Motion and Memorandum Seeking Preliminary Approval of Stipulation of Settlement, Order Approving Plan of Notice, Certifying Settlement Class and Scheduling Settlement Hearing* [#383], filed June 8, 2006.  I have considered all papers filed and proceedings conducted, and I am informed otherwise fully in the premises.  My consideration of the record and proceedings in this case has included consideration of the filings listed here, which I read as objections to the proposed settlement.  These filings have been assigned docket numbers [#402] (Rice); [#403] (Severson); [#405] (Keller); [#406] (Pardello El-Hakeem); [#408] (Arrington); [#416] (Lundman); [#417] (Weston); and [#419] (Keller, Rice, Carveth).

I have subject matter jurisdiction under 29 U.S.C. § 1132(e)(1), part of the Employee Retirement Income and Security Act (ERISA); 29 U.S.C. §§ 1001 - 1461; and 28 U.S.C. § 1331.  Under Fed. R. Civ. P. 23(e)(1)(C), I may approve a settlement that binds members of a class only if the settlement is fair, reasonable, and adequate.  The Tenth Circuit has outlined four factors to be considered in assessing whether a proposed settlement of a class action is fair, reasonable, and adequate:

1.  Whether the proposed settlement was fairly and honestly negotiated;

2.  Whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

3.  Whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

4.  The judgment of the parties that the settlement is fair and reasonable.

***Rutter & Wilbanks Corp. v. Shell Oil Co.***, 314 F.3d 1180, 1188 (10th Cir. 2002) (citations omitted).  I have considered and applied these factors in evaluating the proposed settlement of this case.  When applied to this case, each of these factors augurs toward approval of the Settlement, and I conclude that the Settlement is fair, reasonable, and adequate.

Lead Counsel for the plaintiff class has filed an application for an award of attorney fees and expenses [#412].  The issues raised in that motion are addressed in a separate order, which I have issued concurrently with this order.  I note also that objectors Keller, Rice, and Carveth [#419] have raised a question about the fate of a computer server acquired by Lead Counsel to maintain and access data about the accounts maintained by participants in the ERISA plan that is the subject of this litigation.  As defined in the Settlement, the Plan is the Qwest Savings and Investment Plan and all predecessor or successor plans, including the U S WEST Savings

2

Plan/ESOP and the Qwest Communications 401(k) Savings Plan. *Stipulation*, section 1.27. As proposed by Lead Counsel, I will direct that the computer server loaded with confidential Plan participant data, which server currently is in the possession of Lead Counsel, be delivered to the Plan, with the Plan participant data intact, within a reasonable time.

      **THEREFORE, IT IS ORDERED AND ADJUDGED** as follows:

      1. To the extent not otherwise defined herein, all terms used in this order shall have the same meanings as used in the Stipulation of Settlement, dated April 26, 2006, (the 'Stipulation"). The Stipulation is Attachment 1a to the *Lead Plaintiffs' Unopposed Motion and Memorandum Seeking Preliminary Approval of Stipulation of Settlement, Order Approving Plan of Notice, Certifying Settlement Class and Scheduling Settlement Hearing* [#383], filed June 8, 2006. The Stipulation is incorporated by reference herein and forms part of this Order. Further, if there is any inconsistency between this Order and the Stipulation, the Stipulation shall govern.

      2. The Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including the Plan, Plan fiduciaries, all Settlement Class Members, and all Defendants.

      3. The Court hereby approves and confirms the settlement embodied in the Stipulation as being a fair, reasonable, and adequate settlement and compromise of the Litigation negotiated at arms' length, adopts the Stipulation as its judgment, and orders that the Stipulation shall be herewith effective, binding, and enforced according to its terms and conditions. Among the factors considered by the Court in concluding that the Settlement is fair, reasonable, adequate, and negotiated at arms' length are that: (1) cases involving investment of ERISA plan assets in company stock represent an

unsettled and developing area of the law; (2) the Defendants have asserted numerous substantive defenses, including the defense that a "presumption of prudence" applies to investment of plan assets in company stock; and (3) the Settlement removes the risks, delay, and costs to the Plan and the Settlement Class associated with continued litigation and the difficult matter of calculating damages by delivering assured benefits and significant economic benefit to the Settlement Class as set forth in the Stipulation.

     4. The Court determines that the Settlement has been negotiated vigorously and at arms' length by the Lead Plaintiffs and Lead Counsel on behalf of the Settlement Class and further finds that at all times the Lead Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class, and that Lead Plaintiffs have at all times adequately represented the Settlement Class.  Accordingly, the Court determines that the negotiation and consummation of the Settlement by the Lead Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined ERISA § 406(a) or (b), 29 U.S.C. § 1106(a) and (b).

     5. The Court determines that the Notice and summary notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order [#388] and the Order Amending Preliminary Approval Order [#392] concerning the Settlement and the other matters set forth therein is the best notice practicable under the circumstances and included individual notice to all Settlement Class Members who could be identified through reasonable efforts. Such Notice provides valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation, to all persons entitled to such notice, and such Notice and

summary notice has fully satisfied the requirements of Rule 23, Fed. R. Civ. P. and the requirements of due process.

6. The Court hereby confirms that the Litigation can properly proceed as a class action for purposes of the Settlement pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1). Specifically, the Court finds that (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs fairly and adequately represented the interests of the Settlement Class; and that (e) the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudications with respect to Settlement Class Members that would establish incompatible standards of conduct for Defendants or (ii) adjudications with respect to Settlement Class Members which would as a practical matter be dispositive of the interests of the other Settlement Class Members.

7. The Court confirms and approves the maintenance of the Litigation as a class action for settlement purposes only pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1), with the class being defined as follows[1]:

> All participants in and beneficiaries of the Plan, who owned, bought, sold or held shares or units of the Owest Shares Fund, U S WEST Shares Fund or Qwest Communications International Inc. common stock in their Plan Account, from March 7, 1999, until January 12, 2004.

---

[1] Defendants have expressly reserved the right to contest any and all aspects of class certification in the event that the Stipulation does not become effective or is reversed on appeal. The Court finds such reservation to be effective until the Effective Date.

8. The Court hereby dismisses the Litigation against the Defendants with prejudice and on the merits, and without taxation of costs in favor of or against any Party.

9. The following releases are governed by paragraph 5 of the Stipulation:

a.  As of the Effective Date (as defined in the Stipulation) each of Lead Plaintiffs, the Plan, and each of the Settlement Class Members on their own behalf and on behalf of their respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors. and assigns, shall have released, and shall be deemed to have released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons.

b.  The Released Persons shall be deemed to have released, relinquished, and discharged each and all of the Lead Plaintiffs, Settlement Class Members, the Plan, Lead and Liaison Counsel, and Plaintiffs' Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or Released Claims (including Unknown Claims).

c.  As of the Effective Date, QCII and its Related Parties, on the one hand, and Deutsche Bank and its Related Parties, on the other hand, shall each be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each other from all claims arising out of, based upon, or related in any way to the Released Claims, including but not limited to, claims for indemnification or contribution.

10. The Lead Plaintiffs, the Plan, the Plan's fiduciaries, all Settlement Class Members, and any other Parties are hereby permanently barred and enjoined from instituting or prosecuting, either directly, indirectly, or in a representative capacity, any other action in any court or any other forum asserting any and all Released Claims and other released claims against any of the Released Persons and others released in the Stipulation.

11. All Parties are hereby permanently barred and enjoined from the institution and prosecution, either directly, indirectly, or in a representative capacity, of any actions against any Released Person, Defendants' counsel, any Settlement Class Member, Lead Counsel, or Plaintiffs' Counsel based on any Individual Claim Amount, allocation, or distribution made or not made pursuant to the Plan of Allocation approved in connection with the Final Settlement Approval, in accordance with the terms of the Stipulation.

12. The Court hereby decrees that neither the Stipulation nor the Final Settlement Approval is an admission or concession by any Defendant of any liability or wrongdoing. This Final Settlement Approval is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Litigation. Neither the Stipulation nor the Final Settlement Approval nor the settlement proceedings nor the settlement negotiations nor any related documents shall be offered or received in evidence as an admission, concession, presumption, or inference against any Defendant in any proceeding, other than such proceedings as may be necessary to enforce or consummate the Stipulation.

13. Without affecting the finality of this Final Settlement Approval, the Court retains jurisdiction for purposes of implementing the Stipulation and reserves the power

to enter additional orders to effectuate the fair and orderly administration and consummation of the Stipulation and reimbursement of Administrative Expenses, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

      14. The computer server loaded with confidential Plan participant data, which server currently is in the possession of Lead Counsel, shall be delivered to the Plan, with the Plan participant data intact, within a reasonable time, not to exceed 120 days from the date of this order.

      LET JUDGMENT BE ENTERED ACCORDINGLY.

      Dated January 29, 2007, at Denver, Colorado.

      **BY THE COURT:**

      **s/ Robert E. Blackburn**
      **Robert E. Blackburn**
      **United States District Judge**